UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-01585-SEP |
| ) | |
| MARK STRINGER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Before the Court are Petitioner's Motion for Appointment of Counsel, Doc. [11], and Motion to Recuse, Doc. [14]. For the reasons set forth below, the Motions will be denied.

I.  **Motion for Appointment of Counsel**

Petitioner filed the Motion for Appointment of Counsel on February 5, 2021. Doc. [11]. In the Motion, Petitioner indicates that his Petition has merits but that he is unable to afford counsel, has no legal education, and has no access a legal library or licensed paralegal. *Id.*

There is no constitutional or statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (a "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition").

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (In the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28."). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *see Philips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that he can adequately present his claims to the Court by filing not only his Amended Petition but also multiple motions, requests for copies of the docket, and "Notices" to the Court. *See* Docs. [5], [11]-[18]. Additionally, at this point, neither the factual nor legal issues in this case appear to be especially complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

## II.     Motion to Recuse

On May 10, 2021, Petitioner filed a Motion to Recuse, requesting the undersigned to recuse herself from this action. Petitioner asserts that the undersigned has shown "a deep seated Favoritism towards the respondent" and a "person bias" against Petitioner because he is "under the Sexual Violent Predator Confinement." Doc. [14] ¶¶ 7-9. In support, Plaintiff states that this Court has not yet ruled on his Habeas Corpus Petition—filed on October 8, 2020—and that "a reasonable person would question the judge's motive[s]" based on the alleged delay in ruling. *Id.* ¶¶ 10-12.

"[R]ecusal motions are committed to the sound discretion of the district court." *In re Hylton*, 2018 WL 2129618, at *7 (E.D. Mo. May 9, 2018) (citation omitted); *see Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). A judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of a disputed evidentiary facts concerning the proceeding," she must recuse herself. *Id.* § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" *Moran*, 296 F.3d at 648 (quoting *Lilijeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1998)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant" because "section 455(a) sets an objective standard that does not require scienter." *Id.* The issue is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *In re Kansas Pub. Emp. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are [a self-represented litigant's] unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge

2

recuse should be firmly declined." *Sharrock v. Ramey*, 2018 WL 10517097, at *1 (E.D. Mo. Dec. 10, 2018) (quoting *Maier v. Orr,* 758 F.2d 1578, 1583 (Fed. Cir. 1985)).

Petitioner's allegations of bias are conclusory and utterly unsupported by fact. An average person with knowledge of the relevant facts would not reasonably question the Court's impartiality based on the timing of its rulings. Nothing in the Motion establishes any reasonable basis for questioning the Court's impartiality or any other disqualifying circumstance; thus, the Motion to Recuse will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. [11]) is **DENIED**.

**IT IS HEREBY ORDERED** that Petitioner's Motion to Recuse (Doc. [14]) is **DENIED**.

Dated this 10th day of August, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE