# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:20-CV-1585 SEP |
| | ) |
| MARK STRINGER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

The matter before the Court is Petitioner's Motion for Recusal.[1] Doc. [26]. Petitioner asks the Court to recuse itself from this matter because he alleges that the Court has "an interest in protecting the respondent and the sexual violent predator law." *Id.* at 3. Petitioner offers no other showing that the Court has failed to treat his case with impartiality.

"A judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Moran v. Clarke,* 296 F.3d 638, 648 (8th Cir. 2002) (quoting 28 U.S.C § 455(a)). When a judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," she must recuse herself. 28 U.S.C. § 455(b)(1). This restriction is intended to "promote public confidence in the integrity of the judicial process." *Moran*, 296 F.3d at 648 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant [because] Section 455(a) sets an objective standard that does not require scienter." *Id*. Instead, the issue is framed "as whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Id.* (quoting *In re Kansas Pub. Employees Retirement Sys.,* 85 F.3d 1353, 1358 (8th Cir. 1996)).

"Absent a factual showing or a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are [a litigant's] unsupported

---

[1] This is Plaintiff's second motion for recusal. *See* Doc. [19].

beliefs and assumptions.  Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985).

Petitioner's Motion for Recusal is frivolous.  Petitioner's allegations of bias are conclusory and unsupported by any facts.  The Motion is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Recusal (Doc. [26]) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for a Show Cause Order (Doc. [22]) is **DENIED AS MOOT**, as a Case Management Order will be issued simultaneously herewith.

Dated this 10th day of January, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE