# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1585-SEP |
| | ) | |
| VALERIE HUHN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Petitioner William Carter's Motions to Appoint Counsel, Docs. [39], [43], Motion to Substitute Respondent, Doc. [48], and Motion to Recuse, Doc. [57], and Respondent's Motion for Continued Sealing, Doc. [40]. For the reasons set forth below, Petitioner's Motions to Appoint Counsel and Motion to Recuse are denied, Petitioner's Motion to Substitute Respondent is granted, and Respondent's Motion for Continued Sealing is granted in part and denied in part.

### BACKGROUND

Petitioner initiated this action on October 8, 2020, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* Doc. [1]. Since then, Petitioner has filed four motions to appoint counsel, Docs. [11], [20], [21], [23], and two motions to recuse, Docs. [14], [26], all of which were denied by the Court. *See* Docs. [19], [35], [36]. On January 10, 2022, the Court entered a Case Management Order in this matter and ordered Respondent to show cause why Petitioner's habeas Petition should not be granted. Doc. [37]. Respondent responded to the Court's Order on February 8, 2022, and Petitioner filed a reply on February 18, 2022. *See* Docs. [41], [42]. Now, Petitioner again requests that the Court appoint him counsel, recuse itself from this matter, and substitute the current respondent in this case. Additionally, Respondent requests that the Court seal certain documents underlying the Petition to protect the privacy interests of Petitioner and a minor victim mentioned in connection with Petitioner's crimes.

## DISCUSSION

### I. Petitioner's Motions to Appoint Counsel

In his Motions to Appoint Counsel, Petitioner asserts that he is unable to afford private counsel. Docs. [39] at 1; [43] at 1. He also states that, because of the Covid-19 pandemic, he has been placed in "24/7 room confinement," which has limited his access to the law library and other legal aids. Docs. [39] at 1; [43] at 2. He further contends that he has been subjected to "unconstitutional mail/phone screen[s]," which have frequently caused his mail to be lost or misplaced. Doc. [43] at 2.

As the Court has informed Petitioner in response to his previous requests for counsel, "there is no constitutional or statutory right for an indigent to have counsel appointed in a civil case[.]" *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984) (citations omitted). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). The Eighth Circuit has provided a list of factors for district courts to consider when deciding whether appointing counsel is warranted. They include the "factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).

After reviewing the factors, the Court finds that appointment of counsel is not warranted. Although Petitioner has presented non-frivolous allegations in his Petition for Writ of Habeas Corpus, he has submitted no evidence to support a finding that he is ill-equipped to litigate his own case. To the contrary, Plaintiff's Petition for Writ of Habeas Corpus survived initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and he has continued to file motions and notices with this Court and the Eighth Circuit Court of Appeals throughout this litigation. *See* Docs. [39], [42]–[59]. Those filings indicate that Petitioner can adequately investigate the facts of his case and present his claims to the Court without appointed counsel. Moreover, Petitioner has provided no basis for finding that the existence of conflicting testimony in this case warrants the appointment of counsel. Nor are the factual or legal issues involved in this case complex. Accordingly, Petitioner's requests for appointment of counsel are denied.

## II.     Petitioner's Motion to Substitute Respondent

Petitioner seeks to substitute an individual named "Vivian Huhn" in place of Respondent Mark Stringer.  Doc. [48] at 1.  Petitioner states that "[i]t has come to his attention that the proper custodian is Vivian Huhn, Director of the Department of Mental Health." *Id.*  In a 28 U.S.C. § 2254 action where "the petitioner is currently in custody under a state-court judgment," the proper respondent is "the state officer who has custody" over the petitioner.  Rule 2(a) of the Rules Governing § 2254 Cases.  Petitioner is currently being held at the Fulton State Hospital, *see* Doc. [2] at 1, a facility maintained by the Missouri Department of Mental Health.  *See* Missouri Dep't of Mental Health, *Fulton State Hospital*, https://dmh.mo.gov/fulton-state-hospital (last accessed August 16, 2022).  Thus, the Director of the Department of Mental Health is the proper custodian of Petitioner.  Respondent Stringer confirmed as much in his response to the Court's Show Cause Order.  *See* Doc. [41] at 1 ("Mark Stringer, Director of the Department of Mental Health, is Carter's custodian and the proper respondent.").

Petitioner is correct that Valerie Huhn is now the Director of the Department of Mental Health.[1]  *See* Missouri Dep't of Mental Health, Valerie Huhn, Director, https://dmh.mo.gov/about/office-of-the-director (last accessed July 25, 2022).  Ms. Huhn succeeded Mr. Stringer on January 1, 2022.  *See* Cameron Gerber, *Valerie Huhn named new Department of Mental Health director*, The Missouri Times, https://themissouritimes.com/valerie-huhn-named-new-dmh-director/ (December 29, 2021).  Therefore, Valerie Huhn is the proper respondent in this case, and Petitioner's Motion to Substitute Respondent is granted.

## III.    Petitioner's Motion to Recuse

Petitioner asks the Court to recuse itself from this matter, alleging that the Court has not acted impartially.  Doc. [57] at 3.  Specifically, Petitioner states that the Court has "shown an extreme deep seated [favoritism] towards the (1) respondent, (2) the Missouri Sexual Violent Predator law and/or act, [and] (3) respondent's attorney . . . ." *Id.* at 2.  Petitioner does not specify which of the Court's actions he believes demonstrates partiality or favoritism.

---

[1] Petitioner appears to have misstated Ms. Huhn's name.  For clarity, consistent with the Missouri Department of Mental Health's website and other filings in this district in which Ms. Huhn has been named as a respondent, the Court will replace Mr. Stringer with Valerie Huhn and disregard Petitioner's statements referring to Ms. Huhn as "Vivian Huhn."

"A judge must 'disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned.'" *Oden v. Shane Smith Enters.*, 27 F.4th 631, 633 (8th Cir. 2022) (quoting 28 U.S.C § 455(a)).  In other words, the disqualification of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014) (quoting *United States v. Wisecarver*, 644 F.3d 764, 771 (2011)).  "[A] judge is presumed to be impartial," however; thus the "party seeking recusal bears the substantial burden of proving otherwise." *Scenic Holding, LLC. v. New Bd. of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 662 (8th Cir. 2007).  A petitioner's "conclusory statements" or "unsupported beliefs and assumptions" are not sufficient to demonstrate a judge's lack of impartiality.  *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985).

Petitioner's Motion for Recusal does not establish a basis for questioning the Court's impartiality in this matter.  Petitioner has not alleged specific conduct by the Court demonstrating a lack of impartiality in this case.  Instead, he has made unfounded allegations and conclusory statements that the Court has shown favoritism towards Respondent and Respondent's counsel.  Such statements are insufficient for Petitioner to satisfy his "substantial burden" to demonstrate the Court's impartiality.  *Scenic Holding, LLC.*, 506 F.3d at 662; *see Maier*, 758 F.2d at 1583.  To the extent Petitioner attempts to assert that the Court's previous rulings demonstrate hostility towards him or favoritism towards Respondent, such a claim is insufficient to impute a lack of impartiality to the Court.  *See Moran v. Clarke*, 296 F.3d 638, 649 (8th Cir. 2002) (en banc), *abrogated on other grounds by Manuel v. City of Joliet*, 137 S. Ct. 911 (2017) ("[A]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal."); *see also United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)) ("Judicial rulings rarely establish a valid basis for recusal.").  Accordingly, Petitioner's Motion for Recusal is denied.

## IV. Respondent's Motion for Continued Sealing

Respondent seeks to seal her response to the Show Cause Order, as well as four exhibits attached thereto, including the transcript of Petitioner's release hearing from his confinement and

three state level appellate briefs filed by Petitioner and the State.² Respondent has filed a redacted version of the response to the Court's Show Cause Order but has not filed redacted versions of the exhibits because the information sought to be sealed is the information sought to be sealed is present throughout them.

By way of background, in 2002, Petitioner was charged with forcible sodomy, kidnapping, first-degree burglary, felonious restraint, and deviate sexual assault in January 2000. Doc. [41] at 3 (citing Doc. [1-2] at 2). He entered a plea of NGRI in 2002 and was committed to the custody of the Department of Mental Health. *Id.* One month later, Petitioner applied for conditional release, which was rejected by the circuit court and confirmed by the Missouri Court of Appeals. *Id.* In 2003, a jury found that Petitioner was a "sexually violent predator" pursuant to Mo. Rev. Stat. § 632.495, and Petitioner was committed to the Missouri Department of Mental Health as a sexually violent predator in addition to his NGRI commitment. *Id.* The jury's determination was affirmed by the Missouri Court of Appeals. *Id.* Petitioner applied again for conditional release in 2015, which was denied but remanded on appeal. *Id.*

In 2019, Petitioner filed an application for unconditional release, which the circuit court denied. *Id.* Specifically, the circuit court found that Petitioner could not show by clear and convincing evidence that he would not be dangerous to himself or others if unconditionally released. *Id.* at 2; *see* Doc. [1-1]. The Missouri Court of Appeals affirmed the circuit court's judgment. Doc. [41] at 4; *see* Doc. [1-2]. Petitioner now challenges the circuit court's factual findings underlying its decision that Petitioner would be dangerous to himself or others upon release in his § 2254 Petition. Doc. [1] at 4-5. Therefore, Respondent's response to the Court's Show Cause Order necessarily refers to the transcript of Petitioner's release hearing and the state court briefs related to the application. Respondent argues that the transcripts, briefs, and discussion of them in her response to the Court's Show Cause Order, contain medical information related to Petitioner's mental and psychological well-being and that such private information should be sealed from the public record. *See* Doc. [40] at 1.

---

² Petitioner filed her Motion for Continued Sealing, Doc. [40], and her memorandum in support, Doc. [40-1] under seal. Pursuant to Local Rule 13.05, the proponent of a sealing motion must file an *unsealed* motion for sealing, and only the documents to be sealed and the memorandum in support may be filed under seal. E.D. Mo. L.R. 13.05(A)(4)(a)-(b). Accordingly, the Court will unseal the Motion for Continued Sealing, Doc. [40], and the attachments filed under seal will remain sealed for 14 days, "during which all or part of the material filed under seal may be withdrawn before it becomes part of the public record." E.D. Mo. L.R. 13.05(A)(4)(g).

"There is a common-law right of access to judicial records" but the right is not absolute. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 453 U.S. 589, 597-98 (1978)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies . . . .'" *Id.* at 1222. Courts must decide whether there are "sufficient grounds to override the common-law right of access to justify" sealing judicial records. *Id.* at 1223. "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). In making that decision, the Court "consider[s] the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance the interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223 (citing *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). The presumption in favor of public access to judicial records may only "be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)); *see also* E.D. Mo. L.R. 13.05(A)(4)(b)(i) (the movant bears the burden of demonstrating with "specific legal and factual" support that sealing is appropriate).

Respondent argues that the documents should be sealed because the disclosure of Petitioner's particular illnesses and medications may lead to embarrassment, stigmatization, and humiliation. Respondent cites *Webster Groves School District v. Pulitzer Publishing Company*, 898 F.2d 1371, 1377 (8th Cir. 1990), in support of his argument that disclosure potentially embarrassing information such as one's mental diagnoses or prescribed medication justifies sealing a judicial record. There, the Eighth Circuit found sealing of certain judicial records warranted where the records contained sensitive information regarding a minor's psychological records and other personal information. *Id.* That opinion appears to have heavily considered the fact that the information sought to be sealed was related to a minor, however. *Id.* (the access to records was "outweighed by [the minor's] privacy interest and the state's interest in protecting minors from the public dissemination of hurtful information"). The Court does not read *Webster Groves* to mandate the sealing of all records that contain potentially embarrassing information.

6

Even if the Court accepted that embarrassment or stigmatization, on its own, is a sufficient ground to justify the sealing of judicial documents, it must also always consider the extent to which the sealing interferes with the public's interests in accessing judicial records. *IDT Corp.*, 709 F.3d at 1223.  Here, Respondent has not sufficiently shown that Petitioner's privacy interests outweigh the common law right of access, especially considering that the information for which sealing is sought is likely to be considered in the final disposition of the matter. *See United States v. Hughes*, 2022 WL 19209, at * (E.D. Mo. Jan. 3, 2022) (declining to seal documents containing private medical information where such information was "material to [the] motion" at issue).  In his habeas petition, Petitioner argues that he should be released from the Department of Mental Health's custody "because he 'has recovered his sanity or is no longer dangerous.'" Doc. [41] at 2 (citing Docs. [5] at 3-5; [1] at 5).  In response, Respondent argues that "[t]he Missouri courts reasonably found that the State was justified in continuing to hold Carter . . . ." *Id.*  Respondent himself notes that it would be "impossible to discuss the underlying facts of this petition without delving into the specifics of Petitioner's medical history, his conversations with medical experts, and his current diagnosis." Doc. [40] at 1.  The public has a right to access information upon which the Court relies in making a decision as important as whether to release a prisoner from state custody.  Absent an interest more compelling than embarrassment or the general interest in maintaining confidentiality, the Court, in its discretion, does not find sealing the requested documents appropriate here insofar as they relate to Petitioner's medical conditions and treatments.

Because of the nature of Petitioner's crimes, however, the exhibits and response to his Petition also contain information pertaining to the identity of a victim of a sex crime who, at the time of the offense, was a minor. *Id.* at 1-2.  As Respondent correctly notes, information that could be used to identify or locate a victim of sodomy must be sealed under state law. *See* Mo. Rev. Stat. § 595.226.1 ("any information contained in any court record . . . that could be used to identify or locate any victim [of sodomy] shall be closed and redacted from such record prior to disclosure to the public").  Thus, any information related to that individual contained in the documents Respondent requests to be sealed must be redacted from the public docket.  Such information may include—but is not limited to—the victim's "name, home or temporary address, personal email address, telephone number, Social Security number, birth date, place of employment, any health information, including human immunodeficiency virus (HIV) status,

7

any information from a forensic testing report, or physical characteristics, including an unobstructed visual image of the victim's face or body." *Id.* Respondent is ordered to file a sealed version of any such documents with the Court, as well as redacted versions on the public docket, no later than fourteen (14) days from entry of this Memorandum and Order.

## Conclusion

For the foregoing reasons, Petitioner's Motions to Appoint Counsel and Motion to Recuse are denied. His Motion to Substitute Respondent is granted, and Valerie Huhn is substituted as Respondent in place of Mark Stringer. Additionally, Respondent's Motion for Continued Sealing is granted in part and denied in part. Respondent shall file sealed copies of any documents containing information identifying the minor victim, as well as redacted versions on the public docket, no later than fourteen (14) days from the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motions to Appoint Counsel, Docs. [39], [43], are **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Substitute Respondent, Doc. [48], is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Recuse, Doc. [57], is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent's Motion for Continued Sealing, Doc. [40], is **GRANTED IN PART** and **DENIED IN PART.** Unless withdrawn by Respondent, the attachments to Doc. [40] will be unsealed fourteen (14) days from the date of this Memorandum and Order.

**IT IS FINALLY ORDERED** that, within fourteen (14) days of the date of this Memorandum and Order, Respondent shall file sealed copies of any documents containing information identifying the minor victim, as well as redacted versions on the public docket.

Dated this 16th day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE