**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-1585-SEP |
| | ) |
| VALERIE HUHN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

After forcibly removing his 16-year-old neighbor from her home and sexually assaulting her, Petitioner William Carter was charged in the Circuit Court of Macon County with forcible sodomy, kidnapping, first-degree burglary, felonious restraint, and deviate sexual assault. He entered a plea of not guilty by reason of mental disease or defect. That plea was accepted, and he was committed to the custody of the Missouri Department of Mental Health. Carter remains a committed acquittee and now petitions this Court under 28 U.S.C. § 2254 for a writ of habeas corpus, Docs. [1], [5], challenging the determination by the Missouri Court of Appeals that he is not entitled to unconditional release. For the reasons set forth below, the Court denies Carter's petition for writ of habeas corpus.

**FACTS AND BACKGROUND**

The Missouri Court of Appeals described the pertinent facts as follows:

In January 2000, Carter was charged in the Circuit Court of Macon County with forcible sodomy, kidnapping, first-degree burglary, felonious restraint, and deviate sexual assault. The charges arose from an incident in which Carter removed his sixteen-year-old female victim from a neighboring home, took her to his own home, and sexually assaulted her. The case was transferred on a change of venue to Adair County. On January 21, 2002, the circuit court accepted Carter's plea of not guilty by reason of mental disease or defect [NGRI], and ordered that he be committed to the custody of the Department of Mental Health for care and treatment.

. . . . Carter filed a *pro se* application for *unconditional* release from his NGRI commitment. On March 15, 2019, the [circuit] court held an evidentiary hearing at which Carter (represented by appointed counsel) elected to proceed solely on his application for unconditional release.

The circuit court denied Carter's application for unconditional release on August 15, 2019, in an eleven-page judgment containing detailed findings of fact. The circuit court found that Carter continued to suffer from Delusional Disorder, although the illness was in remission based on the administration of anti-psychotic medication. The court found that, although Carter "may not be verbalizing delusional symptoms, . . . he has refused to actively participat[e] in treatment groups . . . where his mental status can be evaluated by mental health professionals." The judgment emphasizes that the symptoms of Carter's delusional disorder would return if he stopped taking his medication. The court found that Carter had "refused to take his anti-psychotic medication several times while inpatient at DMH facilities," and had been subjected to involuntary medication orders in 2005, 2007, and in 2011. The court noted that Carter had discarded his medication, and had repeatedly requested that the dosage of his medication be reduced, reflecting "his limited insight into his need for medication for his mental illness." The judgment found that "if given a choice [Carter] will not take anti-psychotic medication freely and willingly without measures in place to compel him to do so."

The court found that Carter's underlying offenses were "violent crimes . . . [which] have had a traumatic and everlasting impact on his victim." The court found that, "[e]xcept for November 2011 to the summer of 2013 [Carter's] behavior while in DMH custody has been riddled with problematic, inappropriate behavior, and non-compliant behavior." The court noted that Carter had "refus[ed] to engage in treatment modalities offered to him for the last four years." He had also "accumulated one hundred and four problem worksheets for inappropriate behavior" in a four-month period. The court noted that Carter had repeatedly been placed on telephone and mail restrictions, most recently for the past four years, because he had tried to contact his victim and Department staff members at their residences, had written threatening letters to individuals outside the facility, and had obtained pornographic material through the mail, including "some that included sexual violence." The court found that "[w]hile in the custody of DMH [Carter] has on four separate occasions become fixated on four different female staff in a manner similar to his committing offenses." In at least one of those cases, Carter's inappropriate behavior toward a female staff member occurred while Carter was not taking his anti-psychotic medication.

Ultimately, the court concluded that Carter "has not met his burden of showing by clear and convincing evidence that he would not be dangerous to himself or others if unconditionally released." The court found that, if released, Carter "is likely to commit another violent crime against another person because of his mental illness," and "could not conform his conduct to the requirements of the law for more than a few months." The court found that Carter "is at a risk of reoffending and engaging in violent behavior if not in a secure mental health facility such as the SORTS [(Sexual Offender Rehabilitation Treatment Services)] unit" in which he was currently housed.

*State v. Carter*, 614 S.W.3d 74, 76-78 (Mo. Ct. App. 2020).

Carter appealed the circuit court's denial of unconditional release to the Missouri Court of Appeals, which affirmed. *Id.* at 76; *see also* Doc. [1-2]. He then sought transfer to the Missouri Supreme Court, which was denied. Doc. [41-1]. He now seeks habeas corpus relief in this Court under 22 U.S.C. § 2254.

## LEGAL STANDARD

"An individual committed to a state institution as the result of an insanity acquittal who claims to have been restored to sanity may file a writ of habeas corpus to secure his release in federal court pursuant to 28 U.S.C. § 2254." *Harris v. Ramey*, 2021 WL 808853, at *3 (E.D. Mo. Mar. 3, 2021) (citing *Revels v. Sanders*, 519 F.3d 734, 740 (8th Cir. 2008)). "In the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). For a federal court to grant an application for a writ of habeas corpus, the petitioner must show that the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). An unreasonable application of clearly established Supreme Court precedent occurs where "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts" of the case. *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court's decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id*.

## DISCUSSION

### I.  Grounds One and Two

Carter asserts two grounds for relief in his habeas petition.  In Ground One, Carter claims that his constitutional right to due process was violated and that "he is entitled to due process before being confined to [the custody of the Missouri Department] of Mental Health[.]"  Doc. [5] at 5.  In Ground Two, he argues that "has a liberty interest in freedom from confinement to a mental insanity confinement[.]"  *Id.*  Because both grounds implicate the Due Process Clause of the Fourteenth Amendment, the Court considers them together.

Carter claims that his "continued confinement cannot stand" because he "has NO mental illness and [is] NOT a danger to society" and "his confinement violates his federal due process rights."  *Id.* at 3-4.  Because the Missouri Court of Appeals adjudicated those claims on the merits, Carter cannot obtain habeas relief under § 2254(a) unless the state court's decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).

Carter insists that his "confinement is contrary to federal law as established by *Foucha*[.]"  Doc. [1] at 3; *see Foucha v. Louisiana*, 504 U.S. 71 (1992).  In *Foucha*, the Supreme Court held that a Louisiana statute that permitted the state to indefinitely confine an insanity acquittee when he was a danger to himself and others, even though he did not suffer from mental illness, violated the Due Process Clause.  *Foucha*, 504 U.S. at 83.  The Court reasoned that an "acquittee may be held as long as he is both mentally ill and dangerous, but no longer."  *Id.* at 77.  In light of *Foucha*, the Eighth Circuit has confirmed that "an application for release of an insanity acquittee has two components:  (a) a present mental illness and (b) dangerousness stemming from that illness."  *Revels v. Sanders*, 519 F.3d 734, 741 (8th Cir. 2008) (citing *Foucha*, 504 U.S. at 77).

In denying Carter's application for unconditional release, the circuit court found both components required by *Foucha* and *Revels*.  *See* Doc. [1-1].  And the Missouri Court of Appeals faithfully applied the standard set by those cases when it affirmed the circuit court's conclusion that Carter "does have and in the reasonable future is likely to have a mental disease or defect rendering him dangerous to himself and others."  *Id.* at 10; *see also Carter*, 614 S.W.3d at 83-84.

4

To the extent the circuit court and Missouri Court of Appeals applied federal law, that application was reasonable. The Missouri Court of Appeals affirmed the circuit court's conclusion that Carter met *none* of the standards for unconditional release:

> [T]he circuit court's judgment made detailed findings concerning: Carter's current mental health; his need for (and resistance to taking) anti-psychotic medication; his refusal to participate in therapy offered to him; his repeated and troubling conduct violations while committed; and his dangerousness, and likelihood of reoffense, if released. Carter does not challenge the evidentiary basis for any of these findings—even though they led the circuit court to conclude that Carter did not satisfy *any* of the criteria for an unconditional release.

*Carter*, 614 S.W.3d at 83. Those factual findings are "presumptively correct" and "enjoy support in the record." *See Ryan*, 387 F.3d at 790. Nothing in Carter's petition or the state-court record suggests that the Missouri Court of Appeals' ruling, which he now challenges, was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).

## II.     Evidentiary Hearing

Carter requests an evidentiary hearing on his application for unconditional release because he argues "the state trial court and Missouri Court of Appeal[s] . . . ignored the [testimony] of both medical doctors who [opined] that Petitioner either has no mental illness and/or the illness is in remission." Doc. [68] at 1. By Carter's own admission, and as reflected in the record, that testimony was already presented at an evidentiary hearing in the circuit court. *See* Doc. [1-1] at 9. "Only if the habeas petitioner 'was unable to develop his claim in state court despite diligent effort' is an evidentiary hearing not barred by § 2254(e)(2)." *Williams v. Norris*, 576 F.3d 850, 860 (8th Cir. 2009) (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). Because Carter has not attempted "to satisfy [§ 2254(e)(2)'s] mandatory restrictions," the Court declines to hold an evidentiary hearing. *Williams*, 576 F.3d at 860.

## III.    Certificate of Appealability

The Court finds that Carter has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. 28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Thus, the Court will not issue a certificate of appealability as to any claims raised in Carter's § 2254 petition.

5

### III. Motions to Appoint Counsel and Motion to Recuse

Carter also requests that the Court appoint him counsel, Docs. [67], [72], and that the undersigned recuse herself from this action, Doc. [83]. For the reasons set forth in the Court's previous orders addressing those issues, Docs. [35]-[36], [61], the Court denies Carter's Motions to Appoint Counsel and Motion to Recuse. Docs. [67], [72], [83].

### IV. Respondent's Motion to Strike Exhibits and Motion to File Amended Exhibits

In accordance with the Court's August 16, 2022, Order, Respondent filed its Motion to Withdraw and Strike Exhibits A, B, C, and D, *see* Docs. [40-3]-[40-6], and moved for leave to refile those exhibits under seal. Docs. [63], [65]. For the reasons stated in that Order, Doc. [61], the Court grants Respondent's motions. Docs. [63], [65].

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner William Carter's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Docs. [1], [5], is **DENIED**.

**IT IS FURTHER ORDERED** that Carter's Motion for Evidentiary Hearing, Doc. [68], is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall **NOT ISSUE** a certificate of appealability as to any claim raised in Carter's § 2254 Petition.

**IT IS FURTHER ORDERED** that Carter's Motions to Appoint Counsel, Docs. [67], [72], and Motion to Recuse, Doc. [83], are **DENIED**.

**IT IS FURTHER ORDERED** that Carter's pro se Motion to Stay State Court Proceedings, Doc. [69], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Carter's Motion for Judicial Notice, Doc. [88], is **DENIED as moot**.

**IT IS FINALLY ORDERED** that Respondent Valerie Huhn's Motion to Withdraw Documents [40-3]-[40-6], Doc. [63], and Motion for Leave to File Amended Exhibits, Doc. [65], are **GRANTED**.

A separate Judgment accompanies this Memorandum and Order.

Dated this 27th day of February, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT COURT